2004 UT App 365

Grace BLACKBURN; Eileen Blake; Brian Christiansen; Morgan Bingham; Dave Stark; ETC/TB Daycare, Inc.; Gary Westfall; David Beagley; Washington–Ridgeview Associates; Terry Campbell; The Highlands Homeowners' Association; and Turtle Creek Homeowners' Association, Plaintiffs and Appellants,

v.

WASHINGTON CITY, Defendant and Appellee.

Wheeler Machinery Company, Intervenor and Appellee.

No. 20030528–CA.

Court of Appeals of Utah.

Oct. 21, 2004.

---

**392**

Bruce R. Baird, Baird & Jones, Salt Lake City, for Appellants.

Jeffrey N. Starkey and Bryan J. Pattison, Durham Jones & Pinegar, St. George, for Appellee.

Joseph C. Rust, Kesler & Rust, Salt Lake City, for Intervenor.

Before BILLINGS, P.J., BENCH, Associate P.J., and GREENWOOD, J.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 Plaintiffs appeal the trial court's order (1) granting summary judgment to Defendant Washington City (the City) and Intervenor Wheeler Machinery Co. (Wheeler) and (2) denying Plaintiffs' cross-motion for summary judgment. We affirm.

---

1. The original Planning Commission hearing took place on September 11, 2001. However, because of a perceived deficiency with the notice given, a second hearing was held on November 7, 2001.

2. Washington City Zoning Ordinance 8–6 provides, in relevant part, that "[a]ny person shall have the right to appeal to the Washington City

## BACKGROUND

¶ 2 Wheeler applied for a conditional use permit (CUP) to construct and operate a commercial facility from which to sell, rent, and service construction equipment on property it had acquired within the City. After a public hearing before the Washington City Planning Commission (Planning Commission) on November 7, 2001,[1] at which public comment was taken from area residents, the Planning Commission voted to deny the application. Pursuant to Washington City Zoning Ordinance 8–6,[2] Wheeler appealed that decision to the Washington City Council (City Council). At a hearing on January 9, 2002, at which public comment was also taken from area residents, the City Council voted to affirm the Planning Commission's denial of Wheeler's CUP application.

¶ 3 Wheeler filed a petition for review in Fifth District Court and a subsequent motion for summary judgment. On August 12, 2002, Judge Beacham granted Wheeler's motion concluding there was not substantial evidence in the record supporting the City Council's denial of Wheeler's CUP. Accordingly, Judge Beacham ruled that the City Council's denial of Wheeler's CUP was arbitrary and capricious and ordered that the Planning Commission grant Wheeler's CUP.

¶ 4 The matter was remanded for implementation of Judge Beacham's decision, and on September 4, 2002, the Planning Commission considered the matter. Public notice of the Planning Commission meeting agenda was posted in the City offices, on the City's website, and in the local newspaper at least twenty-four hours prior to the meeting. However, notice for this meeting was not mailed to residents living within a 300–foot radius of Wheeler's property, as Plaintiffs assert was required by Washington City Zoning Ordinances 3–6 and 8–3[3] (the Ordinances) for public meetings.

---

Council any decision rendered by the Planning Commission in relation to Conditional Use Permit decisions."

3. Washington City Zoning Ordinances 3–6 and 8–3 are nearly identical. Because any differences between the ordinances are inconsequential, we quote only Washington City Zoning Ordinance 8–3, which provides, in relevant part,

¶ 5 No public comment or input was taken at the meeting because the Planning Commission staff (the staff) advised the Planning Commission that all items of concern had been addressed at the previous two public hearings on the matter on November 7, 2001, before the Planning Commission, and on January 9, 2002, before the City Council and that the only action necessary was to implement Judge Beacham's decision. The staff recommended that the Planning Commission grant Wheeler's CUP application with certain conditions. These conditions included quiet-time hours, entrance and exit traffic prohibitions, surrounding block walls and trees, dust-free surfacing, and landscaping. The Planning Commission voted to approve Wheeler's CUP application subject to the staff's recommendations.

¶ 6 On September 20, 2002, Plaintiffs filed a motion for leave to intervene in and for reconsideration of Judge Beacham's summary judgment ruling. On November 5, 2002, Judge Beacham denied Plaintiffs' motion to intervene. Plaintiffs did not appeal the Planning Commission's grant of Wheeler's CUP to the City Council.

¶ 7 However, on October 4, 2002, Plaintiffs filed a petition for review of the Planning Commission's decision in Fifth District Court, which was assigned to a different judge. Wheeler filed, and the court granted, a motion to intervene. Plaintiffs, the City, and Wheeler then filed cross-motions for summary judgment. On May 19, 2002, the court granted summary judgment to both the City and Wheeler. Plaintiffs appealed. However, subsequent to the City's approval of Wheeler's CUP and during the pendency of this appeal, Wheeler completed construction of its commercial facility.

## ISSUE AND STANDARD OF REVIEW

¶ 8 Plaintiffs argue that the trial court erred by granting summary judgment to the City and Wheeler on the grounds that the

Planning Commission's failure to mail notice of the September 4, 2001 meeting did not violate its own rules or Plaintiffs' due process rights because Plaintiffs were not entitled to notice of the remand hearing. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). "In reviewing a grant of summary judgment, we do not defer to the legal conclusions of the district court, but review them for correctness." *Springville Citizens for a Better Cmty. v. City of Springville,* 1999 UT 25, ¶ 22, 979 P.2d 332.

## ANALYSIS

¶ 9 In reviewing a municipality's land use decision under Utah Code section 10–9–1001(3), "courts shall ... presume that land use decisions and regulations are valid; and ... determine only whether or not the decision is arbitrary, capricious, or illegal." Utah Code Ann. § 10–9–1001(3) (2002). Plaintiffs argue that the granting of Wheeler's CUP was illegal under section 10–9–1001(3) because the City failed to follow its own rules regarding notice. While the City concedes that it did not mail notice of the September 4, 2002 Planning Commission meeting to property owners within a 300–foot radius of Wheeler's proposed facility, it contends that the failure did not violate its own rules nor Plaintiffs' due process rights.

¶ 10 The district court determined that the Ordinances did not require mailed notice to property owners within a 300–foot radius of Wheeler's property because the Planning Commission meeting was not a public hearing and the administrative record in this case was closed. We agree with the district court.[4]

¶ 11 The Planning Commission's issuance of Wheeler's CUP on September 4, 2002, was merely the final step in the procedure which commenced with Wheeler's filing of its CUP application in the fall of 2001. The Ordi-

---

"Notice of Planning Commission meetings shall be mailed to all property owners ... within a 300[-]foot radius of any property for which an action of the Planning Commission is being requested. It shall be the responsibility of the applicant for such action to provide the

stamped, addressed envelopes necessary to provide such notice."

4. Because of our resolution of this case, we do not reach the other issues raised on appeal.

nances require that the CUP applicant provide stamped envelopes addressed to property owners within 300 feet of the applicant's property so that the City may notify them of the hearing on the CUP application. That was done in this case. Wheeler submitted envelopes prior to the September 11, 2001 hearing. However, because some names had been left off the mailing list, another hearing was scheduled for November 7, 2001, to remedy the notice deficiency. Wheeler then submitted new envelopes for that hearing which were mailed to all residents within 300 feet of Wheeler's property. There is nothing in the Ordinances that requires additional mailings of notice after the first mailing for the same application.[5] Thus, we conclude that the Ordinances' notice requirement was met.

¶ 12 Furthermore, at both the November 7, 2001 and January 9, 2002 hearings before the Planning Commission and City Council respectively, public comment was received. The fundamental purpose of the notice requirement is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Tolman v. Salt Lake County*, 20 Utah 2d 310, 437 P.2d 442, 448 (1968) (quotations and citation omitted); *see also Dairy Product Servs., Inc. v. City of Wellsville*, 2000 UT 81,¶ 49, 13 P.3d 581 (stating that the minimum requirements of due process are adequate notice and an opportunity to be heard by an impartial decision maker). Area residents, including many of the Plaintiffs, presented their concerns and objections to Wheeler's CUP application at both hearings. Those concerns were taken into consideration and addressed by the Planning Commission. Specifically, in the implementation of Judge Beacham's order that Wheeler's CUP be granted, additional restrictions were imposed on Wheeler's CUP including quiet time hours, entrance and exit traffic prohibitions, surrounding block walls and trees, dust-free surfacing, and landscaping. Thus, Plaintiffs'

due process rights were not violated as they were provided the opportunity to present their objections to Wheeler's CUP and such input was considered by the Planning Commission.

### CONCLUSION

¶ 13 We hold that the City did not violate its Ordinances nor violate Plaintiffs' right to due process because Plaintiffs were provided adequate notice. Therefore, we affirm.

¶ 14 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and PAMELA T. GREENWOOD, Judge.

---

5. Even if the Ordinances had required mailed notice of the September 4, 2001 meeting, Plaintiffs cannot demonstrate that the outcome would have been different. *See Springville Citizens for a Better Cmty. v. City of Springville*, 1999 UT 25,-¶ 31, 979 P.2d 332 ("[P]laintiffs must establish that they were prejudiced by the City's noncom-pliance with its ordinances, or in other words, how, if at all, the City's decision would have been different and what relief, if any, they are entitled to as a result."). No public comment was taken at the meeting and the administrative record was closed. Thus, Plaintiffs could not have affected the outcome.